UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**SAMMY TAWAKKOL**

*Plaintiff*

V.

**SHEILA VASQUEZ**, in her Official
Capacity as Manager of the Texas
Department of Public Safety-Sex Offender          CAUSE NO. 1:19-cv-00513-LY
Registration Bureau; and,

**STEVEN McCRAW**, in his Official
Capacity as Director of the Texas
Department of Public Safety;

*Defendants*

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff Sammy Tawakkol ("Plaintiff"), and, pursuant to the Due

Process Clause of the Fourteenth Amendment to the United States Constitution; Title 28

U.S.C. §1343 (a)(4); and Title 42 U.S.C. §§ 1983 and 1988; files this *Second Amended

Complaint*, and in this connection would show unto the Court as follows:

**I.**

**JURISDICTION**

This complaint raises questions arising under the United States Constitution and

federal law, and this Court has "federal question" jurisdiction pursuant to Title 28, U.S.C.

§1331. Further, this complaint includes claims that seek equitable declaratory and

injunctive relief against the Defendants, over which this Court has jurisdiction under Title

28, U.S.C. §§ 2201 and 1343(a).

## II.

## PARTIES

### (A)

**Plaintiff Sammy Tawakkol** ("Plaintiff") is a resident of the City of Houston, Harris County, Texas.

### (B)

**Defendant Sheila Vasquez** ("Vasquez") is employed by the Texas Department of Public Safety in the capacity of **Manager** of the Sex Offender Registration Bureau ("SORB") of the Texas Department of Public Safety at Austin, Texas ("Department"). In her official capacity Defendant Vasquez is personally responsible for determining whether a person is required to register under Texas' Sex Offender Registration Program as provided by Chapter 62 of the Texas Code of Criminal Procedure ("Chapter 62"). Additionally, Defendant Vasquez is officially responsible for supervising, training and, if necessary, disciplining registrars employed with SORB. Defendant Vasquez is being sued solely in her Official Capacity as an Agent of the State of Texas, for acts or omissions that have been (and may be) taken by her against Plaintiff under color of law. The relief sought by Plaintiff against Defendant Vasquez is confined to equitable declaratory and prospective injunctive relief. Defendant Vasquez has previously been served with a summons directing her appearance to respond to this suit, and she has entered such an appearance.

### (C)

**Defendant Steven McCraw** ("McCraw") is the **Director** of the Texas Department of Public Safety. In his official capacity, Defendant McCraw is personally

responsible for supervising, training and, if necessary, disciplining the manager of SORB, i.e., Defendant Vasquez, as well as registrars employed with SORB. Defendant McCraw is being sued solely in his Official Capacity as an Agent of the State of Texas, for acts or omissions that have been (and may be) taken by him under color of law. The relief sought by Plaintiff against Defendant McCraw is confined to equitable declaratory and prospective injunctive relief. Defendant McCraw has previously been served with a summons directing his appearance to respond to this suit, and he has entered such an appearance.

## III.

## RELEVANT FACTS

### (1)

On January 11, 2018, Plaintiff, while enrolled as a Cadet in the United States Air Force, was tried by court-martial and entered a negotiated plea of guilty to three (3) "specifications" of criminal misconduct. The first of these accusations alleged that on December 13, 2016, while "at or near" the United States Air Force Academy in the State of Colorado, Plaintiff "attempted" to violate Uniform Code of Military Justice ("UCMJ"), Article 120c (a)(2), Title 10, U.S.C. §920c ("Indecent Viewing, Visual Recording, or Broadcasting")(hereinafter "Article 120c(a)(2)"). The second specification alleged that on October 1, 2016, and on December 13, 2016, while "at or near" the United States Air Force Academy in the State of Colorado, Plaintiff "attempted" to violate Article 120c (a)(2). The last specification involving criminal conduct alleged that on October 1, 2016, and on December 13, 2016, while "at or near" the United States Air Force Academy in the State of Colorado, Plaintiff "violated" Article 120c (a)(2). As

punishment for commission of these offenses Plaintiff was reprimanded and restricted to a dormitory room at the Air Force Academy for 60 days. Additionally, two-thirds (2/3) of Plaintiff's pay per month was ordered forfeited for a period of six (6) months.

**(2)**

Following his disenrollment from the United States Air Force Academy on or about June 29, 2017, Plaintiff on June 30, 2017, established his current residence in the City of Houston, Harris County, Texas. On May 15, 2018, Plaintiff was contacted by law enforcement officials employed by the City of Houston, Texas, and informed that, in their view, he was required to register as a sex offender under Chapter 62. In response to his receipt of this information, Plaintiff unsuccessfully attempted to persuade law enforcement officials with the City of Houston, Texas, and agents with SORB, that he was not required to register as a "sex offender" under federal law, the UCMJ, or under any laws of the State of Texas including Chapter 62. Once it became apparent to Plaintiff that his efforts in this regard had become an exercise in futility Plaintiff formally retained the services of an attorney.

**(3)**

On March 4, 2019, Plaintiff's retained counsel, Jack B. Zimmermann, Esq. (who has since been retained as co-counsel for Plaintiff in the present case), notified SORB by U.S. mail, return receipt requested, that Plaintiff was not required to register under any federal law, under the UCMJ, or under Chapter 62. This letter from Plaintiff's counsel provided extensive and explicit factual detail concerning Plaintiff's criminal history (including the criminal history described above), along with citations and references to federal and Texas statutory law, and citations to UCMJ and administrative regulations

4

adopted by the Secretary of the U.S. Department of Defense disclosing when a person may be required to register under either federal or state law, after a person has been convicted of an offense under the UCMJ.

**(4)**

On March 22, 2019, Defendant Vasquez, in her official capacity as Manager of SORB, replied to the letter sent by Plaintiff's counsel dated March 4, 2019. In that response Defendant Vasquez stated:

> "Thank you for your inquiry regarding Mr. Tawokkol's duty to register as a sex offender in Texas. Neither offense cited in your letter is considered substantially similar to a reportable offense in Texas. Therefore, the Texas offense is not a 'reportable conviction or adjudication' requiring registration under CCP Chapter 62. However, pursuant to CCP Art. 62.001(10), the offense under Art. 120c(a)(2) of the Uniform Code of Military Justice requires Mr. Tawokkol to register as an extrajurisdictional registrant in Texas."

**(5)**

When using the phrase "neither offense cited," Defendant Vasquez in her letter dated March 22, 2019, was referring to Plaintiff's prior convictions for the offenses described by Plaintiff in paragraphs III (1) above, i.e., Plaintiff's violation of, and Plaintiff's attempt to violate, UCMJ, Article 120c (a)(2)("Indecent Viewing, Visual Recording, or Broadcasting").

**(6)**

The determination reflected by Defendant Vasquez's letter which was sent to Plaintiff's counsel on March 4, 2019, as quoted in paragraph III (4) above, was made in accordance with official "policy" or "custom having the force of law" for which the State of Texas is responsible. Furthermore, the said official "policy" or "custom" was a

"moving force" behind or "cause" of the violation of Plaintiff's federally protected constitutional right to procedural due process as alleged hereinafter.

**(7)**

Under official "policy" or "custom having the force of law" of the Department, for which the State of Texas is responsible, employees of SORB receive information from local community registration authorities including local Texas municipal police departments and Texas county sheriffs' departments. The information which SORB receives from these local community registration authorities is submitted to SORB for the purpose of identifying persons who are required to register as sex offenders under Chapter 62. Under the said official policy or custom of the Department and SORB, and as provided explicitly under Texas statutory law, the Department through it employees at SORB is responsible for making a determination whether a person is required to register as a "sex offender" under Chapter 62.

**(8)**

Under official "policy" or "custom having the force of law" of the Department and SORB, if an employee of SORB is factually or legally uncertain whether a person is required to register as a sex offender under Chapter 62, the determination of whether a person is required to register is assigned to Jeanine Hudson, the "managing attorney" for SORB ("Hudson") or others who comprise SORB's "legal team." When Hudson or another member of SORB's "legal team" determines a person is required to register, that determination, as a matter of "custom having the force of law," constitutes a final, official determination of the question. Defendants Vasquez and McCraw, as a matter of "custom having the force of law," do not reconsider, countermand or override such a

determination when it has been made by Hudson or another member of SORB's "legal team."

**(9)**

Under official "policy" or "custom having the force of law" of the Department and SORB, once Hudson or another member of SORB's "legal team" has determined a person is required to register under Chapter 62, an employee of SORB under Defendant Vasquez's supervision places the person on Texas' sex offender registry and places the person on a publicly accessible online database maintained by the Department.

**(10)**

The consequences of an erroneous official determination that a person is required to register as a sex offender under Chapter 62 are far-reaching. Under the federal Sex Offender Registration and Notification Act ("SORNA"), Congress established a federal online search engine designed to enable national public access to information concerning sex offenders maintained on databases in every state and federal jurisdiction which participates in SORNA. See, 34 U.S.C. §20922 (the Dru Sojdin National Sex Offender Public Website). Now designated as the National Sex Offender Public Website ("NSOPW"), information publicly available on NSOPW is not in fact a separate registration system, but rather is a compilation of all state registries, allowing a member of the public to search all state records in one place. Under SORNA, state authorities alone are responsible for the accuracy, updating, and removal of this information. However, when a state has been judicially ordered to remove a person's registration information from a state registry, the person's information as a practical matter is removed from the federal NSOPW. Yet while a person's identity and registry information

remains on any state's online database, the person is subject to federal prosecution under 18 U.S.C.§2250 in the event they travel in interstate commerce and fail to register within three business days after arriving in the state of their destination.

**(11)**

Under official "policy" or "custom having the force of law" of the Department and SORB, prior to the determination of whether a person is required to register as a sex offender under Chapter 62, the person subject to registration is not provided with either notice or an opportunity to be heard as a means to dispute or contest that determination. In the present case, the official "policy" or "custom having the force of law" of the Department and SORB, as described in paragraphs III (6) through III (9) and III (11) above, was applied to Plaintiff by Defendants Vasquez and McCraw; and, prior to the determination that Plaintiff is an "extrajurisdictional sex offender" required to register under Chapter 62, Plaintiff was not provided with either notice or an opportunity to be heard as a means to dispute or contest that determination.

**(12)**

The Plaintiff has never been convicted or placed on community supervision for commission of any criminal offense defined as a "reportable sex offense" under Texas law. Nor has Plaintiff ever been convicted or placed on community supervision for commission of any offense defined by the UCMJ that would qualify him as an "extrajurisdictional registrant" under Article 62.001(10) of the Texas Code of Criminal Procedure. Nor has Plaintiff ever engaged in any conduct that could, without procedural due process, constitutionally authorize him to be classified as a "sex offender" under the laws of Texas, the laws of any other state, the laws of the United States including those codified in the UCMJ, or under the laws of any foreign country.

**(13)**

Neither the State of Texas, nor the Department, has entered into "a reciprocal registration agreement" with any other state, including the State of Colorado, as defined by Article 62.001(10)(A)(i) of the Texas Code of Criminal Procedure. Furthermore, neither federal nor Texas statutory law recognizes the existence of "a reciprocal registration agreement" between the State of Texas and either the United States of America or the United States Department of Defense.

**(14)**

As the result of the erroneous conclusion made by SORB that Plaintiff is required to register as a "sex offender" under Texas law, Plaintiff is presently subject to imminent, irreparable harm. For example, among other burdens on Plaintiff's liberty, the erroneous designation of Plaintiff as a person who is required to register under Chapter 62 has placed Plaintiff under continuous threat of felony prosecution, at the discretion of any prosecutor in the State of Texas. Failure to comply with any of the extensive registration requirements contained within Chapter 62 constitutes a felony offense under Article 62.102 of the Texas Code of Criminal Procedure. Second, due to the erroneous designation of Plaintiff as a person who is required to register under Chapter 62, Plaintiff's compliance with the registration requirements of Chapter 62 has imposed onerous burdens on Plaintiff's liberty, all of which are unauthorized by either state or federal law. Third, due to the erroneous designation of Plaintiff as a person who is required to register under Chapter 62, Plaintiff is currently exposed to an imminent threat of being publicly labeled a "sex offender" unlawfully and is subject to having his name, address, photograph, date of birth, and other identifying information placed onto the

official, online, publicly accessible "computerized central database" maintained by the Texas Department of Public Safety as defined by Article 62.005 of the Texas Code of Criminal Procedure. The placement of Plaintiff's name, image and other identifying information on the said "computerized central database" would obviously impose a severe "social stigma" on Plaintiff which is unauthorized by law; and it would drastically diminish, if not eliminate, Plaintiff's opportunities to maintain or secure gainful employment. Finally, the erroneous designation of Plaintiff as a person who is required to register under Chapter 62 alone triggers imposition of numerous local restrictions adopted by many Texas municipalities. Among other restrictions, a vast number of Texas municipalities by local ordinance forbid Plaintiff, whom Defendants deem required to register, from establishing a residence in large geographic areas, and from physically going "on, in or near" locations vaguely defined as "places where children commonly gather."

## IV.

## APPLICABLE LAW

## (1)

As conceded by Defendant Vasquez in her letter dated March 22, 2019, the offense for which Plaintiff was convicted under the UCMJ, Article 120c (a)(2)("Indecent Viewing, Visual Recording, or Broadcasting"), does not "contai[n] elements that are substantially similar to the elements" of any offense proscribed by Texas law, and which would require registration, as defined by Article 62.001(5)(H), Article 62.001(5)(I), or Article 62.001(6)(E), of the Texas Code of Criminal Procedure. The Plaintiff's UCMJ convictions therefore cannot form the legal basis for requiring Plaintiff to register under

Chapter 62 on the ground that the elements of his UCMJ offenses are "substantially similar" to an offense enumerated under Article 62.001(5)(H), Article 62.001(5)(I), or Article 62.001(6)(E), of the Texas Code of Criminal Procedure..

**(2)**

The official determination of the Department and SORB which is disclosed by Defendant Vasquez's letter dated March 22, 2019, found that Plaintiff *is required* to register under Chapter 62 because he is an "extrajurisdictional registrant" as defined by Article 62.001(10)(A)(ii) of the Texas Code of Criminal Procedure ("Article 62.001(10)(A)(ii)"). This official determination is in error. Article 62.001(10) defines an "extrajurisdictional registrant" as a person who:

> "(A) *is required to register as a sex offender under*:
> (i)  the laws of another state with which the department has entered into a reciprocal registration agreement;
> (ii)  federal law or *the Uniform Code of Military Justice*; or
> (iii)  the laws of a foreign country; and
>
> (B)  is not otherwise required to register under this chapter because:
>
> (i) the person does not have a reportable conviction for an offense under the laws of the other state, federal law, the laws of the foreign country, or the Uniform Code of Military Justice containing elements that are substantially similar to the elements of an offense requiring registration under this chapter; or
> (ii) the person does not have a reportable adjudication of delinquent conduct based on a violation of an offense under the laws of the other state, federal law, or the laws of the foreign country containing elements that are substantially similar to the elements of an offense requiring registration under this chapter." (italics added)

**(3)**

The U.S. Secretary of Defense has been delegated federal authority to define what misconduct by persons subject to the UCMJ (including Cadets of the U.S. Air Force Academy) constitutes an offense which requires registration under the federal Sex

Offender Registration and Notification Act ("SORNA"). *See*, Title 10 U.S. C. § 951 (note)("The Secretary of Defense shall specify categories of conduct punishable under the Uniform Code of Military Justice which are sex offenses as that term is defined in the Sex Offender Registration and Notification Act, and such other conduct as the Secretary deems appropriate…."); *see also*, Title 34 U.S.C. § 20911(5)(A)(iv).

**(4)**

In exercise of his authority delegated by Title 10 U.S.C. §951 (note), the U.S. Secretary of Defense periodically specifies in published regulations what offenses under the UCMJ require registration under SORNA. On March 11, 2013, the Secretary of Defense published *Department of Defense Instruction No. 1325.07* ("DoDI 1325.07"). In Table 4 of Appendix 4 to Enclosure 2 of that publication ("**Table 4**") the Secretary listed offenses under the UCMJ that ***DO*** require registration under SORNA ("A Service member who is convicted in a general or special court-martial of any of the offenses listed in Table 4, must register"). In Table 6 of Appendix 4 to Enclosure 2 of that publication ("**Table 6**"), the Secretary listed other offenses under the UCMJ that ***DO NOT*** require persons to register under SORNA. At the time of Plaintiff's UCMJ conviction (January 11, 2018), when a person was convicted for an offense listed in **Table 6**, DoDI 1325.07 ***merely required Defense Department officials to notify*** states when the person so convicted intended to establish residence in the notice-receiving state. This regulatory policy, adopted by the U.S. Secretary of Defense and published on March 11, 2013, has not been substantively altered to date.

**(5)**

The list provided by the Secretary of Defense in **Table 4** to DoDI-1325.07, as published on March 11, 2013, and as re-published by the Secretary on April 10, 2018, ***does not*** list the UCMJ offense for which Plaintiff has been convicted, i.e., Article 120c (a)(2), Title 10, U.S.C. §920c ("Indecent Viewing, Visual Recording, or Broadcasting"). The lists provided by the Secretary of Defense in **Table 6** to DoDI-1325.07 (March 11, 2013), and in **Table 6** to DoDI-1325.07 (April 10, 2018), however, ***do contain*** the UCMJ offense for which Plaintiff has been convicted. Consequently, because the Secretary of Defense has not designated Plaintiff's offense under the UCMJ, in either **Table 4** to DoDI-1325.07 (March 11, 2013) or in **Table 4** to DoDI-1325.07 as updated (April 10, 2018), as one which requires Plaintiff's registration under SORNA; that offense cannot provide a legal basis to require Plaintiff to register as an "extrajurisdictional registrant" under Article 62.001(10)(A)(ii) of the Texas Code of Criminal Procedure. These regulations, which were administratively adopted on March 11, 2013, and carried forward by the Secretary and adopted on April 10, 2018, remain fully in effect today. See, U.S. Dept. of Justice, *Sex Offender Registration and Notification: Current Case Law and Issues*, 6-7 and n. 65 (March 2019).

**(6)**

Under Texas statutory law, as stated in Article 62.002 of the Texas Code of Criminal Procedure, Chapter 62 does not require a person to register whenever the person is convicted of any "sex offense." Rather, Chapter 62 expressly "applies only to a *reportable* sex offense or adjudication" as defined by positive law. Id., Article 62.002 (italics added).

# V.

## BASIS OF DEFENDANTS' LIABILITY

### (1)

The Plaintiff, as a person who has never been convicted of a "reportable sex offense" as defined by applicable statutory law (state or federal), at all relevant times had (and continues to have) a constitutionally protected "liberty interest" that is legally subject to deprivation only after provision of procedural due process. This liberty interest includes the constitutional right to be free from any requirement that he register as a "sex offender" under Texas law. The Defendants' conduct plainly violated Plaintiff's procedural due process protections as articulated by the United States Court of Appeals' decisions in *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) and *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010).

### (2)

Constitutionally protected "liberty interests" under the Fourteenth Amendment may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," or they may arise from an expectation or interest created by state laws. With regard to the liberty interests claimed by Plaintiff herein, Plaintiff alleges the Defendants, by their acts or omissions, have deprived him (or will deprive him in the future) of both liberty interests arising directly under the Fourteenth Amendment itself (by reason of guarantees implicit in the word "liberty"); and independently, of constitutionally protected liberty interests arising from expectations or interests created by Texas laws.

14

**(3)**

With regard to the constitutionally protected liberty interests arising from expectations or interests created by Texas laws (a "state-created" liberty interest), as claimed by Plaintiff, he further alleges, more specifically, that Defendants' classification and public disclosure of Plaintiff as a person convicted of a "sex offense" as defined by federal or military law: a) is factually false, b) imposes a severe stigma to Plaintiff's reputation, and c) alters Plaintiff's legal status under Texas law.

**(4)**

The procedural due process protections articulated by the United States Court of Appeals' decisions in *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) and *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010), concerned persons who were on parole or under institutional supervision. They had not previously been convicted of a statutorily defined "sex offense," and they were ruled to have been unconstitutionally subjected, in violation of the Fourteenth Amendment, to sex offender registration because they had not first been provided with notice and an opportunity to be heard as a means to dispute or contest that determination. The Plaintiff, as a person who has not previously been convicted of a statutorily defined "sex offense" (under either state or federal law), and who has not been convicted of an offense under the UCMJ which has been designated by the U.S. Secretary of Defense which could otherwise authorize or require his sex offender registration under military or federal law, is entitled to the same procedural due process protections mandated by *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) and *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010).

**(5)**

The Plaintiff alleges the official "policy" or "custom having the force of law" of the State of Texas and the Department, as applied to Plaintiff by the state's official agents including but not limited to Defendant Vasquez and Defendant McCraw, directly deprived Plaintiff of, or caused Plaintiff to be subjected to the deprivation of, his right to procedural due process under the Fourteenth Amendment. *First*, Plaintiff alleges the said official "policy" or "custom" caused a violation when Plaintiff was determined (or was permitted Plaintiff to be determined) a "sex offender" required to register under Chapter 62. *Second*, the said official "policy" or "custom" caused a violation of Plaintiff's constitutional right to procedural due process when a legal duty was imposed on him to comply with the registration requirements contained in Chapter 62, and contained under 18 U.S.C. §2250, or risk state or federal felony prosecution, respectively.

**(6)**

The U.S. Supreme Court has ruled the guarantee of procedural due process under the Fourteenth Amendment provides a remedy not only for "unjustified" deprivations of liberty, but also for harms independently caused by a constitutionally deficient procedure itself, regardless of whether the deprivation is later deemed "justified." In other words, whether a procedural due process violation has been established does not depend on whether, after the fact, the deprivation in hindsight is deemed "justified." Thus, even were a neutral arbiter (including this Court) to determine at this juncture that Plaintiff's UCMJ is a "sex offense" that requires registration, that determination would not supersede the fact of the prior procedural due process violation, or eliminate Defendants' exposure to declaratory or injunctive relief. Moreover, as the Fifth Circuit ruled on denial

of rehearing in *Coleman v. Dretke*, 409 F.3d 665, 667 (2005), when the truth of factual allegations has never been established "in a criminal trial or other proceeding," it would be "improper" to consider alleged facts, or to assume alleged facts to be "either true or false," when determining whether the right to procedural due process has been violated.

**(7)**

The Plaintiff seeks equitable relief against Defendants Vasquez and McCraw pursuant to Title 42 U.S.C. §1983 ("§1983" or "Section 1983"). A state official in his official capacity, when sued for injunctive relief, is a "person" under §1983 because "official-capacity actions for prospective relief are not treated as actions against the state." Similarly, while prospective equitable relief may implicate state interests protected by the Eleventh Amendment, overriding federal constitutional interests, including prevention of future violations of federal statutory or constitutional law, authorize entry of prospective equitable relief notwithstanding the Eleventh Amendment. In other words, prospective equitable relief may be granted against state officials sued in their official capacities, and even against a state itself. Like a permanent injunction, a declaratory judgment constitutes "prospective" equitable relief.

**(8)**

Section 1983 provides that persons acting under "color of law" may be restrained in "a suit in equity" when they engage in acts or omissions which "subject" another person, or "cause" another person "to be subjected," to deprivation of a federal constitutional right. The Plaintiff alleges Defendants were acting (or failing to act) "under color of law" when engaging in the conduct about which Plaintiff complains.

**(9)**

Whether sued in an official capacity, or in an individual capacity, a governmental official whose acts or omissions have subjected or caused a person to be subjected to deprivation of a federal right may be restrained by prospective equitable relief granted under §1983. This is true notwithstanding the Eleventh Amendment, and neither "absolute" nor "qualified" immunity extends to suits that seek injunctive or declaratory relief.

**(10)**

Under §1983, an action against a state official in his or her official capacity constitutes an action against the state itself. Equitable relief against such a state official may be granted when a plaintiff: 1) proves a constitutional violation; 2) proves the state official sued was a "policymaker"; 3) identifies an official "policy" or "custom having the force of law" for which the state official was responsible; and 4) establishes the official "policy" or "custom" was a "moving force" behind or "cause" of the constitutional violation alleged.

**(11)**

Under §1983, an official "policy" of a governmental entity exists when a course of action (or inaction) has been set by the government's lawmakers or by those whose acts or edicts may fairly be said to represent official policy. Identification of the "policymaking official" whose policy is alleged to have caused a constitutional violation requires review of relevant legal materials, including state and local positive law, as well as custom or usage having the force of law.

**(12)**

Under §1983, policymaking authority may be delegated to a subordinate by an official who possesses such authority; and a widespread practice not authorized by written law or express policy may be deemed an official "policy" of a governmental entity if the practice is so permanent and well settled as to constitute a custom or usage having the force of law. A policymaker's ratification or defense of his subordinate's actions may also be sufficient to establish official policy or custom when an act or omission by the subordinate has violated "clearly established law."

**(13)**

Again, with regard to the constitutional violation Plaintiff has alleged above, he contends the acts and omissions of Defendants violated, or caused a violation of, his constitutional right to procedural due process recognized in *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) and *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010). The Plaintiff further alleges the acts and omissions about which he complains were undertaken by Defendants or other state officials in accordance with official policy or custom for which Defendants Vasquez or McCraw were responsible as policymakers; or were undertaken by Defendant Vasquez or other state officials in accordance with official policy or custom for which Defendant McCraw alone was responsible; and, that the official policy or custom alleged was the "cause" or "moving force" behind the alleged deprivation of Plaintiff's federally protected, constitutional right to procedural due process.

**VI.**

**RELIEF REQUESTED**

The Plaintiff respectfully moves the Court, after Defendants have been provided with a fair opportunity to answer this second amended complaint, to:

A) Conduct a trial on the merits of Plaintiff's claims and thereafter issue a Declaratory Judgment (under 28 U.S.C. §2201) which rules Defendants violated Plaintiff's constitutional right to procedural due process under the Fourteenth Amendment to the United States Constitution when they designated Plaintiff to be a person who is required to register under Chapter 62 of the Texas Code of Criminal Procedure; and when they imposed a legal duty on Plaintiff to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure; both of which occurred without Plaintiff first being afforded the procedural protections articulated in *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004) and *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010);

B) Conduct a trial on the merits of Plaintiff's claims and thereafter issue a Declaratory Judgment (under 28 U.S.C. §2201) which rules Plaintiff is not required to register as a "sex offender" under federal law or the Uniform Code of Military Justice (as defined by 34 U.S.C. §20911), or as an "extrajurisdictional sex offender" (as defined by Article 62.001(1) of the Texas Code of Criminal Procedure);

C) Issue a permanent injunction (under 28 U.S.C. §1343) prohibiting Defendants, their agents, successors, assigns, or anyone acting in concert with them, from engaging in any actions intended for the purpose, or likely to cause, interference with Plaintiff's liberty interests, as described herein, unless and until Plaintiff is first provided the

procedural safeguards articulated in *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004)

and *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010);

D)  Award Plaintiff reasonable costs and reasonable attorney's fees (under 42 U.S.C. §1988) which are shown to have been reasonably and necessarily incurred by Plaintiff in prosecuting this matter; and

E)  Award Plaintiff any other relief to which he may show himself entitled.

> Respectfully submitted,
>
> */s/ Richard Gladden*
> Texas Bar No. 07991330
> 1200 West University Dr., Suite 100
> Denton, Texas 76201
> 940/323-9300 (voice)
> 940/539-0093 (facsimile)
> richscot1@hotmail.com (email)
> *Attorney-in-Charge for Plaintiff*
>
> &
>
> Jack B. Zimmermann
> Texas Bar No. 22266500
> Zimmermann Lavine & Zimmermann, P.C.
> 770 South Post Oak Lane, Suite 620
> Houston, Texas 77056
> 713/552-0300 (voice)
> 713/552-0746 (fax)
> Jack.Zimmermann@ZLZSlaw.com (email)
> *Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Richard Gladden, hereby certify that I have served a true copy of this document on Defendants Sheila Vasquez and Steven McCraw, using the electronic CM/ECF filing system, through their Attorney-in-Charge in this case, Assistant Attorney General of Texas Evan Weltge (email: evan.weltge@oag.texas.gov), on this 9th day June, 2021.

> */s/Richard Gladden*